## KAISERMAN v. UNITED STATES.
### No. 17943.

District Court, S. D. Illinois, S. D.
June 27, 1931.

Clayton J. Barber and Alton G. Hall, both of Springfield, Ill., for plaintiff.

R. E. Updike, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., and Marks Alexander, Asst. U. S. Atty., of Springfield, Ill. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., and Walter M. Provine, U. S. Atty., of Springfield, Ill., on the brief), for the United States.

FITZHENRY, District Judge.

This cause coming on to be heard upon the issues raised by the pleadings; and the court, having heard the evidence adduced by the respective parties, and the arguments of counsel, and being fully advised in the premises, makes the following findings of fact:

(1) The plaintiff, Morris Kaiserman, a naturalized citizen not able to read or write, was proprietor of a general or "department" store at 618 East Washington street in Springfield, Ill., from 1910 until 1921, having on hand a stock of merchandise worth at least $20,000 at all times from the beginning of 1913 until May 12, 1921, when he made a bulk sale of the entire stock of merchandise and fixtures for the sum of $32,000.

(2) Plaintiff's income tax return for the years 1918 to 1921, inclusive, contained no actual inventories but only conservative estimates of the amount of his stock, based on his returns to the local personal property tax assessor.

(3) As a result of an investigation in 1923, the plaintiff's income tax liability was estimated on a cash basis and additional taxes assessed by the Commissioner of Internal Revenue, and collection thereof enforced by distraint warrant served July 23, 1923 (payment being made August 4, 1923), for calendar years and in amounts as follows:

| Year. | Amount. |
| --- | --- |
| 1918 | $ 323.19 |
| 1919 | 668.97 |
| 1920 | 2,988.78 |
| 1921 | 5,408.62 |
| Total | $9,389.56 |

(4) In determining plaintiff's income liability for 1921, the Commissioner treated the entire sale price of $32,000, received for the merchandise and fixtures, as income, while plaintiff contended that it was but a return to him of his invested capital.

(5) Plaintiff filed a claim for refund July 26, 1927, which was denied November 9, 1929, and this suit filed April 25, 1928.

(6) The testimony of witness Fayart, who made monthly inspections of the stock for insurance purposes, and witness Oberman, who was employed as assistant manager by plaintiff from 1913 to 1917, inclusive, that plaintiff had on hand at all times from the beginning of 1913 to the time of said sale a stock of merchandise worth at least $20,000 (Fayart estimates $25,000), is uncontroverted.

(7) The stock of merchandise, to the extent of $20,000, which plaintiff had on hand from the beginning of the year 1913 to May 12, 1921, constituted plaintiff's invested capital, and the sale price thereof, to the extent of $20,000, was erroneously treated by the Commissioner as income, and the additional taxes assessed by reason thereof, in the sum of $3,-865.66, should be refunded, with lawful interest from the time of collection on August 4, 1923.

██ And the court makes the following holdings on propositions of law:

(1) The amount of plaintiff's merchandise embarked in his business, at all times from 1913 until the bulk sale in 1921, was invested capital and not income, and therefore not subject to taxation under the income tax law.

██ (2) The value of the stock of merchandise may be shown, for the purposes of this suit, by the opinions of witnesses having knowledge of the quantity, quality, and value thereof.

██ (3) Computation of the taxpayer's net income by the Commissioner of Internal Revenue is only prima facie correct and not controlling, either as to method or result; proof, under usual rules of evidence, of the true facts as to income, is competent to overcome such finding.

(4) If the Commissioner of Internal Revenue has, pursuant to the provisions of title 26, United States Code Annotated, § 953(b), computed the taxpayer's net income by the method which, in the opinion of the Commissioner, does clearly reflect the income, the computation thus made is not binding up-

on the court in a taxpayer's suit to recover income taxes paid based upon such computation. The court may, under the usual rules of evidence, hear any competent evidence bearing upon the net income of the taxpayer, and may from said evidence determine the amount of said net income and the amount of tax due thereon.

This case, when stripped of all its collateral issues, turns upon a single point. This point is well stated in the letter of the Commissioner of Internal Revenue to the plaintiff under date of November 9, 1913, giving the reasons for rejecting the claim of the plaintiff here sued upon. There it was said:

"It is noted that you do not have books or records of account to substantiate the cost of the merchandise on which a value of $20,000 is placed as of March 1, 1913.

"Treasury Decision 3367 holds that opinion evidence, expert or otherwise, of a value of property as of a prior date will not be accepted.

"It is the opinion of this office that while Treasury Decision 3367 deals specifically with value of property in connection with a claim for paid-up surplus for invested capital purposes, the underlying principle is the same in determining the value of property for any other purpose of the statute. * * *

"Your claim will, therefore, be rejected."

Upon this question we feel that the conclusion based upon the rule with reference to opinion evidence upon the authority of T. D. 3367 was erroneous.

In this particular case the Bureau has heretofore applied the rule and authorized a refund for the fixtures, which was ascertained entirely upon opinion evidence, and the competency of opinion evidence as to value has frequently been held. Somers Lumber Co.'s Appeal, 2 B. T. A. 106; James Couzens v. Comm. Int. Rev., 11 B. T. A. 1040; Parkersburg & Marietta Sand Co. v. Comm. Int. Rev., 11 B. T. A. 87; Firestone's Appeal, 2 B. T. A. 309; American Express Co.'s Appeal, 2 B. T. A. 498; Heiner v. Crosby (C. C. A. Pa. 1928) 24 F.(2d) 191; Bessemer Inv. Co. v. Comm. Int. Rev (C. C. A. 2d 1929) 31 F.(2d) 248; River & Rail Storage Co.'s Appeal, 1 B. T. A. 1098.

It is true the evidence shows that no inventory was taken on March 1, 1913, nor were the values of the several items ascertained in any way. The taxpayer and the merchant, while intelligent, could not read nor write, kept no books of account, and failed to preserve the memoranda made by employees just before and at the time in question, but the plaintiff himself testified, and the insurance appraiser, Mr. Fayart, who made monthly inspections of the stock for insurance purposes and who kept himself familiar with the stock, testified that on March 1, 1913, the taxpayer had on hand a stock of the value of $20,000. Mr. Oberman, a young man who worked for the taxpayer at that time, during the year 1913, testified that the minimum of stock on hand at the time in question and thereafter until the sale in bulk was of the value of $20,000.

It is true the evidence is not as persuasive as it might have been had an inventory been taken upon that date and the purchase price of each item ascertained and proper deductions made for depreciation. But we feel, in the light of all of the facts and circumstances in this case, that the best evidence obtainable has been produced to establish the minimum value of the stock on March 1, 1913 and throughout the period involved in this litigation (1913 to 1921) and until the bulk sale in the latter year.

The findings of the Commissioner are prima facie correct, but not conclusive. They may be rebutted and overcome by competent proof. Robert P. Hyams Coal Co. v. United States (D. C.) 26 F.(2d) 805.

We therefore conclude that the plaintiff is entitled to recover the amount found to be due in the findings of fact herewith filed.